UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC SANCHEZ,

    Plaintiff,

v.                                             Case No. 2:21-cv-255-JES-NPM

MARRA CONSTRUCTION, INC.,

    Defendant.

**ORDER**

    Before the Court is a Motion for Clerk's Default (Doc. 9). Plaintiff Dominic Sanchez requests the Court direct the Clerk to enter a default against Marra Construction, Inc. No response was filed to the motion and the response time has lapsed. For the reasons discussed below, the Court denies the motion without prejudice.

    "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(*l*); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-

FTM-38, 2014 WL 3721209, *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, *1 (M.D. Fla. Apr. 10, 2014).

Service on an entity defendant can be made by any manner prescribed in Rule 4(e)(1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); *see also Chambers*, 2014 WL 3721209, at *1. Or, service can be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Likewise, under state law, a corporation may be served through its registered agent. Fla. Stat. § 48.081(3)(a). Section 48.081(3)(a) also provides that a person attempting service may serve process on any employee of the registered agent on the first attempt at service. *Id.* On April 1, 2021, the process server served Marra Construction, Inc. by serving Blaise Marra. While the process server states Blaise Marra is a person authorized to accept service, she does not indicate that he is an employee of the registered agent. (Doc. 8). Thus, the Court cannot determine if service of process was properly effected on Marra Construction, Inc.

Accordingly, the Motion for Clerk's Default (Doc. 9) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 3, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE