UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOMINIC SANCHEZ,

    Plaintiff,

v.                                                                                  Case No. 2:21-cv-255-JES-NPM

MARRA CONSTRUCTION, INC.,

    Defendant.

## ORDER

Before the Court is a Renewed Motion for Clerk's Default (Doc. 12). Plaintiff Dominic Sanchez requests the Court direct the Clerk to enter a default against Marra Construction, Inc. No response was filed to the motion and the response time has lapsed. For the reasons discussed below, the Court grants the motion.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(*l*); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F.*

*S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, *1 (M.D. Fla. Apr. 10, 2014).

Service on an entity defendant can be made by any manner prescribed in Rule 4(e)(1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); *see also Chambers*, 2014 WL 3721209, at *1. Or, service can be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Likewise, under state law, a corporation may be served through its registered agent. Fla. Stat. § 48.081(3)(a). Section 48.081(3)(b) provides that if the address for the registered agent is a residence, then service on the corporation may be made by serving the registered agent in accordance with § 48.031. Section 48.031 permits substitute service by leaving copies of the service documents at the person's usual place of abode with any person residing therein who is 15 years of age or older and informing the person of the contents of the documents. Here, on April 1, 2021, the process server served Marra Construction Inc. at the residence of the registered agent by serving Blaise Marra who confirmed it was the registered agent's residence and that he was authorized to accept service. (*See* Doc. 11).

The Court finds Sanchez properly effected service of process on Marra Construction, Inc. The Defendant was properly served and failed to timely respond to the Complaint (Doc. 1). Therefore, the Court finds a clerk's default must be entered pursuant to Rule 55(a). Accordingly, the Renewed Motion for Clerk's Default (Doc. 12) is **GRANTED** and the Clerk is directed to enter a default against Defendant Marra Construction, Inc.

Within thirty-five (35) days after entry of a clerk's default, Sanchez must apply for the default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment. M.D. Fla. R. 1.10(c).

**ORDERED** in Fort Myers, Florida on July 9, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE