```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

DOMINIC SANCHEZ,

        Plaintiff,

v.                              Case No:   2:21-cv-255-JES-NPM

MARRA CONSTRUCTION, INC., a
Florida Corporation,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Default Final Judgment Against Defendant, Marra Construction, Inc. (Doc. #15) filed on August 13, 2021.  No response has been filed, and the time to respond has expired.

On March 25, 2021, plaintiff Dominic Sanchez filed a Complaint (Doc. #1) against Marra Construction, Inc. to recover unpaid overtime compensation, back pay, front pay, liquidated damages, declaratory relief, attorneys' fees and costs, and punitive damages for violations of the Fair Labor Standards Act and under Florida's Whistleblower Act.  Count I alleges a failure to pay overtime compensation in violation of 29 U.S.C. § 207 of the FLSA and Counts II and III allege retaliation in violation of 29 U.S.C. § 215(a)(3) and Fla. Stat. § 448.102(3).

After service of process, and finding no appearance by defendant, plaintiff sought and was granted a Renewed Motion for

Clerk's Default pursuant to Fed. R. Civ. P. 55(a).  (Doc. #13.) A Clerk's Entry of Default (Doc. #14) was issued on July 12, 2021. "The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered."  GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citing Nishimatsu Construction v. Houston National Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).  A complaint must state a claim in order for default judgment to be granted.  Id.  The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.  When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact.  If liability is well pled, it is established by virtue of a default judgment.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

To establish a prima facie case for overtime compensation, a plaintiff must show: (1) defendant employed them; (2) defendant is an enterprise engaged in interstate commerce covered by the FLSA; (3) plaintiff worked in excess of a 40-hour workweek; and (4) defendant did not pay overtime wages to him.  Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). "In order to demonstrate a prima facie case of retaliation under the FLSA, Plaintiff must demonstrate (1) that she engaged in

protected activity under the FLSA; (2) that she subsequently suffered an adverse action by her employer; and (3) that a causal connection existed between the employee's activity and the adverse action." Ramos v. Hoyle, No. 08-21809-CIV, 2009 WL 2151305, at *8 (S.D. Fla. July 16, 2009) (citing Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000)).  Under Florida's Whisteblower Act, an employer "may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."  Fla. Stat. § 448.102(3).

In the Complaint, plaintiff alleges that he was an employee of defendant, that defendant was engaged in commerce or the production of goods for commerce, and that defendant had an annual and gross revenue in excess of $500,000 per annum. (Id., ¶¶ 7-10.)  Plaintiff alleges that he worked as a non-exempt laborer for defendant from January 1, 2019, until his termination on January 31, 2020.  Plaintiff worked for defendant in excess of the 40-hour workweek, and he was not exempt. (Id., ¶¶ 15-17.)  Throughout his employment, plaintiff was paid a reduced rate of $25.00 per hour for all overtime hours worked. (Id., ¶ 27.)  Defendant failed to keep and maintain accurate records of all hours worked by plaintiff. (Id., ¶ 31.)  Plaintiff objected to the owner about defendant's "illegal pay practices" and requested his overtime

compensation. Plaintiff alleges that the objections were "protected activity." (Id., ¶¶ 32-33.) Defendant dismissed plaintiff's objections and refused to pay the money owed. In late January 2020, defendant presented plaintiff with an IRS 1099 Form even though he was hourly employee, and he did not receive a W-2 Form. Plaintiff was misclassified as an independent contractor. (Id., ¶¶ 35-38.) Later that week, defendant terminated plaintiff effective immediately. (Id., ¶ 39.) Plaintiff asserts that there is a close nexus between his assertion of objections and his termination. (Id., ¶ 42.) The Court finds that the well-pled allegations are sufficient to state a claim.

"As a general rule, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week." Avery v. City of Talladega, Ala., 24 F.3d 1337, 1340 (11th Cir. 1994) (referencing 29 U.S.C. § 207(a)(1)). While plaintiff has not produced any time sheets, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) (citation omitted).

Plaintiff seeks $37,050.00, inclusive of liquidated damages, plus costs in the amount of $512,50. Plaintiff has provided an

Affidavit (Doc. #15-1) regarding the 57 weeks he worked at a rate of $25 an hour during the 40-hour workweek. Plaintiff proposes an average of 10 overtime hours at an overtime rate of $32.50 an hour for a total of $325.00 per week for the 57 weeks for a total of $18,525.00. Plaintiff does not seek any further damages or attorney's fees. The Court will grant the motion as to Count I, allow the calculated overtime compensation and liquidated damages, and dismiss Counts II and III as plaintiff no longer seeks relief under these counts.

As to costs, the Court finds that the filing fee is indeed a taxable cost. 28 U.S.C. § 1920(1). Plaintiff also seeks $110 for service of the summons and 0.50 cents for postage. (Doc. #15, p. 2.) The postage is not a taxable cost under Section 1920 and will be disallowed. The Court will only allow $55 for the service of process as the Amended Return of Service (Doc. #11) corrected a deficiency in the description of the person authorized to accept service but did not result in a second service of process.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Default Final Judgment Against Defendant, Marra Construction, Inc. (Doc. #15) is **GRANTED** as to Count I as follows: (1) overtime compensation in the amount of $18,525; (2) liquidated damages in the amount of $18,525; and (3) costs in the amount of $457.

2. Counts II and III of the Complaint (Doc. #1) are dismissed without prejudice.

3. The Clerk shall enter judgment accordingly in favor of plaintiff and against defendant, terminate all pending deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record